NOT DESIGNATED FOR PUBLICATION

No. 123,238

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BAYLOR DERRICK REED,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed June 11, 2021. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: Baylor Derrick Reed appeals the district court's decision revoking his probation and ordering him to serve his original sentences in two separate cases. We granted Reed's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has filed no response.

In case No. 17CR1479, Read was convicted of robbery for a crime committed in July 2017. The district court sentenced Reed to 43 months' imprisonment but granted a dispositional departure to probation for 36 months. In case No. 18CR1748, Reed was convicted of one count of criminal threat and one count of misdemeanor domestic battery. The district court sentenced Reed to 7 months' imprisonment on the felony and a

1

consecutive term of 6 months in jail on the misdemeanor, and the district court placed Reed on probation for 36 months. The district court also ordered the sentence in case No. 18CR1748 to be consecutive to the sentence in the prior case.

At an evidentiary hearing on August 13, 2020, the district court found that Reed violated the conditions of probation in each case by committing new crimes of criminal damage to property and battery involving the mother of his child. The district court revoked Reed's probation and ordered him to serve his original sentences. Reed timely filed a notice of appeal in each case and the cases have been consolidated on appeal.

On appeal, Reed claims the district court "abused its discretion by refusing to reinstate [his] probation." But Reed concedes that the district court can bypass intermediate sanctions when the defendant commits new crimes on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Reed violated his probation by committing criminal damage to property and battery arising from a domestic violence situation, and Reed does not challenge the probation violation finding on appeal. As a result, the district court could revoke Reed's probation in each case without imposing an intermediate sanction. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). What's more, the district court could bypass intermediate sanctions in case No. 17CR1479 because the probation in that case resulted from a dispositional

2

departure. See K.S.A. 2018 Supp. 22-3716(c)(9)(B). The district court's decision to revoke Reed's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Reed has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentences.

Affirmed.